UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERNEST CALVIN FLENTALL,

        Plaintiff,          Case No. 1:10-cv-620

v.          Honorable Gordon J. Quist

J. MILLS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Upon review, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants (unknown) Bernhardt and (unknown) Rancher. The Court will serve the amended complaint against Defendants (unknown) Singleton, (unknown) Johnson, (unknown) Thorne, J. Mills, (unknown) Sullivan, Dr. (unknown) Carol, Dr. Masim Yacob, Dr. (unknown) Christman, Lisa Plowman and (unknown) Olsen.

**Discussion**

I. Factual allegations

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility. In his *pro se* amended complaint, Plaintiff sues several employees of the Kent County Jail: Captain (unknown) Singleton; Officers (unknown) Sullivan, J. Mills, Lisa Plowman, (unknown) Rancher and (unknown) Olsen; and Sergeants (unknown) Thorne, (unknown) Bernhardt and (unknown) Johnson. Plaintiff also sues Doctors (unknown) Carol, Masim Yacob and (unknown) Christman.

Plaintiff's complaint is very brief and difficult to follow. While Plaintiff was attempting to obtain eye drops to treat his glaucoma, Officers Mills and Sullivan allegedly attacked him by twisting Plaintiff's wrist behind his back until it broke. Plaintiff contends that Officer Plowman, Sergeant Thorne and Captain Singleton did not do anything to stop the assault.

Plaintiff states that Doctors Carol, Yacob and Christman failed to adequately treat Plaintiff's glaucoma so that Plaintiff went blind in his right eye. Plaintiff further alleges that Doctor Carol denied eye drops and Doctor Christman denied pain medication for Plaintiff's eye. Plaintiff also complains that Officer Plowman denied Plaintiff eye drops.

In addition, Plaintiff claims that Sergeant Johnson could have intervened on his behalf. Plaintiff, however, does not allege why he needed Sergeant Johnson's intervention. Plaintiff provides that Sergeant Johnson told him "Nigger you just getting what you had [coming.] We [don't] care abo[]ut you niggers here. We may kill [your] black ass." (Am. Compl., Page ID #97, docket #6.)

Finally, Plaintiff alleges that Officer Olsen kicked him in the lower back when he was already suffering from lower back pain.

For relief, Plaintiff requests compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Here, Plaintiff fails even to mention Defendants Bernhardt and Rancher in the body of his complaint. Because Plaintiff's claims fall far short of the minimal pleading standards under Federal Rule of Civil Procedure 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Bernhardt and Rancher.

The Court finds that Plaintiff's claims should be served against Defendants (unknown) Singleton, (unknown) Johnson, (unknown) Thorne, J. Mills, (unknown) Sullivan, Dr. (unknown) Carol, Dr. Masim Yacob, Dr. (unknown) Christman, Lisa Plowman and (unknown) Olsen.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants (unknown) Bernhardt and (unknown) Rancher will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the Plaintiff's amended complaint against Defendants (unknown) Singleton, (unknown) Johnson, (unknown) Thorne, J. Mills, (unknown) Sullivan, Dr. (unknown) Carol, Dr. Masim Yacob, Dr. (unknown) Christman, Lisa Plowman and (unknown) Olsen.

An Order consistent with this Opinion will be entered.


Dated: September 23, 2010              /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE