UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST CALVIN FLENTALL,

    Plaintiff,                                         Hon. Gordon J. Quist

v.                                                     Case No. 1:10 CV 620

J. MILLS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>, (dkt. #56), and <u>Defendants' Motion for Summary Judgment</u>, (dkt. #59). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action on June 29, 2010, against J.Mills, Unknown Sullivan, Unknown Chaucny, Unknown Singleton, Unknown Bernhardt, Unknown Johnson, Unknown Olsen, Unknown Rancher, Unknown Thorne, Unknown Carrell,[1] Unknown Crissman,[2] Lisa Plowman, Masim Yacob, and other Unknown Parties. (Dkt. #1). Plaintiff alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment.

---

[1] Plaintiff misidentified this individual as Unknown Carol in his pleadings.

[2] Plaintiff misidentified this individual as Unknown Christman in his pleadings.

On August 16, 2010, Plaintiff submitted an amended complaint in which he asserted claims against all the aforementioned defendants except Defendant Chaucny and the Unknown Parties. (Dkt. #6). Accordingly, these particular defendants were dismissed and the case proceeded against J.Mills, Unknown Sullivan, Unknown Singleton, Unknown Bernhardt, Unknown Johnson, Unknown Olsen, Unknown Rancher, Unknown Thorne, Unknown Carrell, Unknown Crissman, Lisa Plowman, and Masim Yacob. On September 23, 2010, the Honorable Gordon J. Quist dismissed Plaintiff's claims against Defendants Bernhardt and Rancher and ordered that Plaintiff's complaint be served on Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, Carrell, Crissman, Plowman, and Yacob. (Dkt. #11-12).

Defendants Carrell, Crissman, and Yacob now move for summary judgment. Plaintiff has failed to respond to this particular motion. Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman have also moved for summary judgment. Plaintiff has likewise failed to respond to this motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not

change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

# **EIGHTH AMENDMENT STANDARD**

      A.      Use of Excessive Force

Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Id.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). Such standards "always are violated" when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, "*de minimis* uses of physical force" do not violate the Eighth Amendment "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10.

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

B. Denial of Medical Treatment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

## ANALYSIS

**I.**     **Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman**

On December 27, 2010, Defendants Carrell, Crissman, and Yacob moved the Court to compel Plaintiff to submit a more definite statement regarding his claims against them. (Dkt. #23). Defendants' motion was granted and Plaintiff was ordered to submit "an amended complaint which sufficiently articulates the basis for his various claims." (Dkt. #28). Plaintiff responded to the Court's Order not by filing an amended complaint, but by filing a supplement to his complaint articulating the basis for his claims against Defendants Carrell, Crissman, and Yacob. (Dkt. #34).

In response, the Court "again ordered [Plaintiff] to submit within 21 days of the date of this Order a complete amended complaint which sufficiently articulates the basis for his various claims." (Dkt. #36). On March 29, 2011, Plaintiff responded by filing an amended complaint in which he

asserted claims against Defendants Carrell, Crissman, and Yacob only. This amended complaint did not incorporate by reference any previous complaint or pleading. Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman were not, however, dismissed from this action as Defendant Chaucny was when Plaintiff submitted an amended complaint which articulated no claims against him. Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman now argue that they are entitled to relief on the ground that Plaintiff has submitted an amended (and controlling) complaint which asserts no legal claims or factual allegations against them.

While Defendants' argument is not without merit, the Court will, in the exercise of caution, recommend that relief not be granted on this basis. Plaintiff submitted his March 29, 2011 amended complaint in response to Orders issued concerning the motion for more definite statement filed by Defendants Carrell, Crissman, and Yacob. While the Orders in question did not direct Plaintiff to file an amended complaint only as to these particular defendants, neither did these Orders expressly direct Plaintiff to submit an amended complaint as to all defendants. Thus, it would not be completely unreasonable for Plaintiff to argue that the Orders directing him to file an amended complaint, in light of their context, concerned only his allegations against Defendants Carrell, Crissman, and Yacob. Accordingly, the undersigned recommends that Defendants are not entitled to summary judgment on this basis. The undersigned instead recommends that Defendants are entitled to summary judgment on a more substantive basis.

In his First Amended Complaint, (dkt. #6), Plaintiff makes the following allegations against Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman. Defendants Mills, Sullivan, and Olsen physically attacked Plaintiff, fracturing his wrist. Defendants Singleton, Johnson, Plowman, and Thorne could have prevented this attack, but took no action to do so. The Court

interprets Plaintiff's allegations as asserting a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff's allegations against Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman are not contained in a verified complaint. Plaintiff has failed to respond to the present motion for summary judgment or otherwise submit evidence in support of his claim. Discovery in this matter has long since closed. (Dkt. #55, 68). As previously noted, summary judgment is appropriate where a party without the burden of proof on a particular claim demonstrates that his opponent "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." Defendants have made such a showing and Plaintiff has, in response, failed to present any evidence or identify any facts "that can be established by admissible evidence," that demonstrate a genuine issue for trial. Accordingly, the undersigned recommends that Defendants Mills, Sullivan, Singleton, Johnson, Olsen, Thorne, and Plowman are entitled to summary judgment.

**II.        Defendants Carrell, Crissman, and Yacob**

In his most recent amended complaint, (dkt. #37), Plaintiff alleges that on several occasions through 2007, Drs. Carrell, Crissman, and Yacob failed to provide Plaintiff with adequate medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

In support of their motion for summary judgment, Defendants have submitted evidence which refutes Plaintiff's allegations and demonstrates that Plaintiff received regular medical treatment. (Dkt. #59, 61-66). Plaintiff appears to simply disagree with the quality of the treatment he received, which as noted above does not implicate the Eighth Amendment. Furthermore, because Plaintiff has

failed to respond to Defendants' motion for summary judgment, he has failed to present any evidence that would entitle him to prevail on his claims or identify any fact that establishes the existence of a genuine issue for trial. Accordingly, the undersigned recommends that Defendants Carrell, Crissman, and Yacob are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #56), and Defendants' Motion for Summary Judgment, (dkt. #59), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                       Respectfully submitted,

Date: February 5, 2013                               /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge